UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBRA MURPHY ) | |
|     PLAINTIFF ) | |
| ) | |
| vs ) | No. |
| ) | |
| MARCUS, ERRICO, EMMER & BROOKS, P.C., ) | |
| RICHARD E. BROOKS, AND ) | |
| JANET OULOUSIAN ARONSON ) | |
|     DEFENDANTS ) | |
| ) | |

COMPLAINT AND DEMAND FOR JURY TRIAL

PARTIES

1. Plaintiff Debra Murphy ("Murphy") purchased her for use as her home, a condominium unit located at 245 Lafayette Street, Unit 3A, Salem, Essex County, Massachusetts on August 26, 2002.  The condominium association is the Continental Condominium ("Continental") consisting of 24 units.  Because her unit is in the process of foreclosure, she has moved out and currently resides at 124 Pleasant Street, Unit 3, Marblehead, Essex County, Massachusetts..

2. Defendant Marcus Errico, Emmer & Brooks, P.C. ("MEEB") is a professional corporation of attorneys which is organized and incorporated in Massachusetts under G.L. c. 156A and has its principal office located at 45 Braintree Office Park, Suite 107, Braintree, Norfolk County, Massachusetts.

3. Defendant Richard E. Brooks ("Brooks"), is a Massachusetts attorney and a shareholder, officer, and director of MEEB and one of two attorneys managing MEEB's collections activities.

4. Defendant Janet Oulousian Aronson ("Aronson"), is a Massachusetts attorney and on information and belief, a shareholder and officer of MEEB and the other attorney managing MEEB's collections activities.

5. MEEB represents in excess of 3500 condominium associations throughout New England.

6. MEEB regularly collects or attempts to collect, directly and indirectly, condominium assessments, charges, late fee, penalties, and attorneys fees and costs allegedly owed by consumer unit owners.

7. Condominium assessments are debts under the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and under the Massachusetts Debt Collection Regulations, G.L. c. 93, § 49 and 940 CMR 7.00 ("MDCR").

8. MEEB is an attorney debt collector under the FDCPA and a creditor under the MDCR.

9. Murphy is a debtor under the FDCPA and the MDCR.

JURISDICTION

10. The United States District Court has jurisdiction of this controversy under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) because the plaintiffs assert claims for relief under the FDCPA and the court has supplemental jurisdiction of the plaintiffs related state law claims under 28 U.S.C. §1367(a).

11. Venue is proper in the Massachusetts Federal District Court under 28 U.S.C. 1391(b) because the plaintiff resides in Massachusetts, all of the violations of the FDCPA and tortious acts occurred in Massachusetts and MEEB's principal office is in Massachusetts.

FACTS

12. Since her purchase of her unit in 2002, Murphy had been paying her condominium

assessments without incident.

13. In May, 2009 she was behind in her payment of monthly assessments.

14. In the past, she had often been behind in her payments in May and typically paid in the summer not only enough to become current but to actually get ahead by several months due to the manner in which she was paid by her job as a teacher/librarian at Essex Agricultural and Technical High School.

15. When she was contacted by Continental's manager in May, she advised him that she would again, have enough to become current in a relatively short period time, as she had consistently done since 2002.

16. She made two payments in May totaling $1,116 and a payment in June of $1,000 reducing her arrears to $1,394.70.

17. Nonetheless, MEEB commenced collection activity in May, 2009.

18. Despite the fact that the amount owed was relatively small and qualified for small claims court and that Murphy had the ability to bring her account current in a relatively brief time as promised and as she had repeatedly done in the past, MEEB chose to proceed by the lien enforcement mechanism provided for under G.L. c. 183A, § 6(c).

19. By doing so it substantially and unnecessarily added to the cost of collection. The procedure required making those having a recorded lien on her home, to wit, her mortgagee, a party and recording the claim in the registry of deeds, none of which would have been necessary otherwise. Other costs, such as filing fees and service costs were also substantially higher because of this choice.

20. By the time MEEB filed suit in September, the arrears then due were $2,108.60.

21. MEEB's fees and costs just to file and serve the complaint to collect that amount was

$2,004.70, just about doubling the amount due.

22. Nearly all of the legal fees and costs charged by MEEB was due to its having chosen to proceed by lien enforcement and otherwise by its charging excessive amounts in consideration of the time and labor involved, the amount of damages, the routine nature of the issues of fact and law involved in collecting assessments and the legislative prohibition against opposition thereto, and the amount ordinarily charged for similar services.

23. The complaint MEEB filed is a form it uses in all law suits it files, containing verbatim the same statements except for the identity of the parties and the amount alleged to be due.

24. At least three of the form statements it made in the complaint were false in violation of 15 U.S.C. § 1692f.

25. Paragraph 5 falsely stated that she had been "duly assessed common expenses, late fees, legal fees and costs in the amount of $3,985.55 (hereinafter 'common expenses'), which have not been paid when due"  However, that amount included at least $1,195.95 in amounts for legal fees and costs that she had had no notice of, much less been assessed and not paid when due and for the September assessment which was not overdue at the time the complaint was filed.

26. Paragraph 6 stated that "[i]nterest and late fees have been charged for these overdue payments of common expenses pursuant to G.L c. 183A, s. 6(a) and/or the applicable provisions of the Condominium's documents."  None had been charged, nor, on information and belief, were any authorized as stated.

27. Paragraph 7 stated "the Plaintiff did give the Defendant and the First Mortgagee notice by certified and first class mail of the aforesaid delinquency, such delinquency having existed for at least sixty days.  No one had previously notified either Murphy or her mortgagee of

4

the allegedly overdue $3,985.55 and that amount had not been due for at least sixty days, a substantial portion of it being MEEB's attorneys fees charged for preparing the law suit and recent assessments.

28. Shortly after she was served with the complaint, Murphy entered into an agreement to pay $400 per month toward the arrears.

29. MEEB did not tell her how much her arrears were. It did not tell her that the $3,985.55 did not include substantial additional fees and costs for filing and serving the complaint that MEEB charged.

30. MEEB continued to charge substantial additional attorneys fees and costs for collecting her payments with no notice to her.

31. MEEB double charged her for certain of its costs.

32. Although MEEB insisted that the payments be made to it, it never provided her with receipts, monthly statements, timely notice of the attorneys fees it was charging her, or any other timely accounting for the payments it received.

33. When she insisted after six months that MEEB provide her with an accountant, it gave her a lengthy statement prepared by the association going back to 2002 showing all payments and charges, arrears and non arrears.

34. In all, MEEB charged her attorneys fees and costs of at least $2,404.7 to collect an amount which was no more than $1,394.70 when MEEB began its collection actions.

35. MEEB's relentless, oppressive, deceptive, and unfair collection tactics and charges caused Murphy to incur liability for excessive and unnecessary collection costs.

36. MEEB's relentless, oppressive, deceptive, and unfair collection tactics and charges caused Murphy to suffer severe emotional distress.

37. MEEB's relentless, oppressive, deceptive, and unfair collection tactics and charges caused severe harm to Murphy's reputation and relations with her neighbors, her fellow condominium owners, making it uncomfortable for her to continue to live at her unit and causing her to suffer severe emotional distress.

38. MEEB's relentless, oppressive, deceptive, and unfair collection tactics and charges caused Murphy to fall into arrears on her mortgage.

39. Her mortgagee eventually commenced foreclosure proceedings..

40. The threatened loss of her home caused Murphy to suffer severe emotional distress.

41. The deteriorated relations with her neighbors, the unpleasantness which became associated with living in her unit, and the pending foreclosure caused Murphy to abandon her home and lose the opportunity to refinance it under the Home Affordable Modification Program, thereby causing her to lose the benefits of home ownership and substantially higher costs for housing.

## Count One
### Fair Debt Collection Practices Act, 15 U.S.C. § 1692

42. Murphy reavers and incorporates herein the above paragraphs.

43. The collection of excessive and unnecessary collection costs violates 15 U.S.C. 1692f and the incursion of liability therefore constitutes actual damages under 15 U.S.C. § 1692k(a)(1).

44. The disgorgement of all attorneys fees and costs by which MEEB was unjustly enriched as a result of its violations of the FDCPA is an appropriate remedy and measure of actual damages under 15 U.S.C. § 1692k(a)(1).

45. Murphy's loss of her home as a result of MEEB's unfair and deceptive collection

actions in violation of the FDCPA resulted in her incursion of actual damages under 15 U.S.C. § 1692k(a)(1).

46. Damages for the emotional distress Murphy suffered as a result of MEEB's unfair and deceptive collection actions in violation of the FDCPA is recoverable as actual damages under 15 U.S.C. § 1692k(a)(2)(A).

47. Statutory damages 15 U.S.C. § 1692k(2)(A) of $1,000 are warranted because of the relentless, pervasive nature of MEEB's violations of the FDCPA.

48. Murphy is entitled to recover her reasonable attorneys fees and costs under 15 U.S.C. § 1692k(a)(3) as a result of MEEB's violations of the FDCPA.

Wherefore, Murphy respectfully requests the following relief:

a. statutory damages of $1,000

b. her actual damages caused by MEEB's violations of the FDCPA; and

c. the costs of the action, together with a reasonable attorney's fee as determined by the court.

COUNT TWO
THE MASSACHUSETTS CONSUMER PROTECTION ACT, G.L c. 93A
DAMAGES, PUNITIVE DAMAGES, REASONABLE ATTORNEYS FEES AND COSTS

49. Murphy repeats and reavers herein the above paragraphs.

50. MEEB undertakes the collection of the assessments by a myriad of unlawful, deceptive, unfair, and oppressive means, all of which are intended to generate excessive, unnecessary attorneys fees and costs.

51. The charging and collection of excessive attorneys fees and costs is prohibited by

state law, and therefore, in violation of 15 U.S.C. 1692f(1),

52. Among the means MEEB typically uses to generate the excessive attorneys fees and costs are the following:

a) causing or directing associations to undertake collection policies and decisions which substantially increase their legal costs and fees and the legal fees and costs charged to unit owners in violation of 15 U.S.C. § 1692f;

b) engaging in collection practices and procedures which are prohibited by the FDCPA in and of themselves and which otherwise cause excessive and unnecessary fees and costs in violation of 15 U.S.C. § 1692f;;

c) charging excessive fees and costs in consideration of the time spent, the amount of damages, the routine nature of the issues of fact and law involved in collecting assessments and the legislative prohibition against opposition thereto, and the usual price charged for routine collection services in Massachusetts in violation of 15 U.S.C. § 1692f(1) and 940 CMR § 7.07(16);

d) failing to take those measures required by statute or rule, such as providing mortgagees with pre-suit notices in conformance with G.L. c. 183A, § 6(c) or utilizing small claims procedures, which are intended to keep the cost of collection down in violation of 15 U.S.C. § 1692f;

e) filing multiple lawsuits to collect the same debt in violation of 15 U.S.C. § 1692f and 940 CMR 7.07;

f) filing lawsuits in inconvenient forums in violation of 15 U.S.C. 1692i(a) and 940 CMR 7.07;

g) undertaking excessive and unnecessary collection actions in consideration of

the amount due and the action required in violation of 15 U.S.C. § 1692f and 940 CMR § 7.07;

    h) double billing for costs and services 15 U.S.C. § 1692f(1) and 940 CMR § 7.07(16)

    i) making false and misleading statements about the character, amount, and legal status of debts allegedly due and about services rendered and costs incurred in violation of 15 U.S.C. § 1692e(2) and 940 CMR §§ 7.07(2) and 7.07(8);

    j) engaging in secret communications with the unit owners' mortgagees concerning debts in violation of 15 U.S.C. § 1692c(b);

    k) failing to provide unit owners with timely, accurate and comprehensible communications concerning charges and credits in violation of 15 U.S.C. § 1692f and 940 CMR § 7.07

    l) failing to apply payments in accordance with the unit owner's understanding, direction, and agreement in violation of 15 U.S.C. § 1692n and 940 CMR § 7.07

53. Violations of the FDCPA and 940 CMR 7.00 are per se unfair and deceptive acts under of G.L c. 93A, § 2 and 940 C.M.R. 3.16(4).

54. The above actions are per se willful and knowing violations of G.L c. 93A, § 2.

55. MEEB willfully and knowingly repeatedly and relentlessly violated G.L c. 93A, § 2 in its actions to collect debts from Murphy.

56. The collection of excessive and unnecessary collection costs violates 15 U.S.C. 1692f and 940 CMR 7.07 and the incursion of liability therefore constitutes actual damages under G.L. c. 93A, § 9(3)..

57. The disgorgement of all attorneys fees and costs by which MEEB was unjustly

enriched as a result of its violations of the FDCPA is an appropriate remedy and measure of actual damages under G.L. c. 93A, § 9(3).

58. Murphy's loss of her home as a result of MEEB's unfair and deceptive collection actions in violation of the FDCPA resulted in her incursion of actual damages under G.L. c. 93A, § 9(3).

59. Damages for the emotional distress Murphy suffered as a result of MEEB's unfair and deceptive collection actions in violation of the FDCPA is recoverable as actual damages under G.L. c. 93A, § 9(3).

60. On or about December 11, 2011, Murphy served on MEEB, by first class and certified mail a written demand for relief, which reasonably described MEEB's unfair and deceptive acts and practices and the injuries suffered by her thereby.

61. The demand more than adequately "define[d] the injury suffered and the relief demanded in a manner that provide[d] [MEEB] with `an opportunity to review the facts and the law involved to see if the requested relief should be granted or denied' and enables him to make `a reasonable tender of settlement.'"  Simas v. House of Cabinets, Inc., 53 Mass. App. Ct. 131, 139 (2001).

62. MEEB failed to tender to Murphy a reasonable written offer to settle her claims within thirty days of said mailing.

63. MEEB's refusal to grant her reasonable relief upon demand was made in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L c. 93A, § 2.

Wherefore, Murphy respectfully requests the following relief:

a. actual and/or statutory minimum damages pursuant to G.L c. 93A § 9(3);

b. multiple damages pursuant to G.L c. 93A § 9(3);

c. Murphy's reasonable costs of this action, including attorneys fees, the fees and costs of experts, and other costs; and

g. such other and further relief as this Court finds necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff demands a trial by jury on all issues so triable.

Debra Murphy
By her attorney,

 /s/ Philip H. Cahalin
Philip H. Cahalin, BBO # 545538
85 Exchange Street, Suite 206
Lynn, MA 01901
t. 781.598.3130
f. 781.598.3131
pcahalin@cahalinlaw.com